**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AURELIO MARTIN SEPULVEDA, | No. 13-15907 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-01143-AWI-DLB |
| v. |  |
| JEANNE S. WOODFORD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

California state prisoner Aurelio Martin Sepulveda appeals pro se from the

district court's grant of summary judgment in favor of defendant in Sepulveda's

42 U.S.C. § 1983 action alleging, among other things, deliberate indifference to his

serious medical needs and retaliation against him for filing grievances.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Sepulveda's Eighth Amendment claims because Sepulveda failed to raise a genuine dispute of material fact as to whether defendant Dr. Shu-Pin Wu was deliberately indifferent in treating Sepulveda's diabetic neuropathy and eye conditions. *See id.* at 1057-58 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient).

The district court properly granted summary judgment on Sepulveda's retaliation claim because Sepulveda failed to raise a genuine dispute of material fact as to whether Dr. Wu took an adverse action against him because Sepulveda filed grievances. *See Brodheim v. Cry*, 584 F.3d 1262, 1269-71 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (the timing of adverse actions alone is insufficient to establish retaliatory intent).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

13-15907

Sepulveda's request to sanction Dr. Wu and strike his answering brief, set forth in Sepulveda's reply brief, is denied because Dr. Wu's answering brief is not oversized. *See* Fed. R. App. P. 32(a)(7).

**AFFIRMED.**